UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

BRUCE ALLEN and LYNETTE ALLEN,　　　　Case No.  09-30504-dof
　　　　Debtors.　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S, LYNETTE ALLEN, MOTION FOR CONTEMPT
AND/OR SANCTIONS FOR WILLFUL VIOLATION OF DISCHARGE ORDER

The Debtor, Lynette Allen, filed a Motion for Contempt and/or Sanctions for Willful Violation of Discharge Order ("Motion") against the University of Michigan - Flint, and the University of Michigan - Flint filed a Response. The Court conducted a preliminary hearing on the Debtor's Motion on October 29, 2014, and held an evidentiary hearing on November 25, 2014. At the evidentiary hearing, the Court received the Debtor's Exhibits A - D and the Creditor's Exhibits A - E and heard statements from the Debtor and her husband, as well as arguments from both the Debtor and counsel for the University of Michigan - Flint. At the conclusion of the November 23, 2014, hearing, the parties were satisfied that the record was sufficiently developed to allow the Court to issue an Opinion.

Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

1

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Findings of Fact

The Debtor was enrolled as a student at the University of Michigan - Flint and received financial aid, including a Federal Direct Unsubsidized Loan, a Federal Direct Subsidized Loan, and a Federal Pell Grant. The Debtor completed her fall 2008 semester and enrolled for classes for winter 2009. Unfortunately, the Debtor could not complete her winter 2009 classes and withdrew. Prior to her withdrawal, however, the Debtor received monies through all three programs available to her. After her withdrawal, the University of Michigan - Flint was required to return $2,166.00 for the Federal Direct Subsidized Loan and $3,000.00 for the Federal Direct Unsubsidized Loan. At the October 29, 2014, hearing, the Debtor thought that these monies were included in the amount owed by her to the United States Department of Education, which is serviced by MOHELA. Per the Debtor's Exhibit B, she currently owes $1,045.44 and $755.14 to MOHELA. The Debtor's Exhibit C reports sporadic monthly payments ranging from $64.99 to $70.00, along with two lump sum payments of $1,500.00 and $2,000.00. As the Debtor stated on November 23, 2014, her husband is a cancer survivor and her ability to make full payments to MOHELA or the University of Michigan - Flint is severely limited because of her income, the need to pay household expenses, and

to address her husband's condition. Per the Debtor's statements, her income and expenses are such that she could only afford a monthly payment of $65 to $70.

The University of Michigan - Flint sent a letter to the Debtor on February 3, 2009, detailing the amounts owed to it as a result of its requirement to repay the United States Department of Education, and that the amount owed to the University of Michigan - Flint in June 2009 was $3,262.63, as evidenced by the Creditor's Exhibits C, A, and B, respectively.

The Debtor filed her Chapter 7 bankruptcy petition on February 6, 2009, and received a discharge on March 11, 2010. In the spring of 2014, the University of Michigan - Flint took action to collect the $3,262.63 owed to it, plus interest of 18% per annum. The University of Michigan - Flint filed a lawsuit against the Debtor in the 55th District Court, and the Debtor contacted counsel for the University of Michigan - Flint stating that her obligation to the University of Michigan - Flint had been discharged. Both the Debtor and her husband stated on November 23, 2014, that they tried to work with counsel for the University of Michigan - Flint regarding the nature of the obligation owed by the Debtor, but that a default judgment was entered against the Debtor and a request and writ for garnishment was issued, to which the Debtor objected. Contemporaneously, the Debtor requested that this Court reopen her bankruptcy and she filed the instant Motion. Thereafter, the 55th District Court closed its case because of the pending bankruptcy action.

3

09-30504-dof    Doc 55    Filed 12/12/14    Entered 12/12/14 14:32:59    Page 3 of 8

Analysis

This Court is satisfied that the University of Michigan - Flint has demonstrated that the $3,262.63 as stated in its statement of account constitutes an educational benefit or loan as described in 11 U.S.C. § 523(a)(8). The University of Michigan - Flint received monies from the United States Department of Education as a result of the Debtor's student status and then was required to repay the United States Department of Education $2,166.00 and $3,000.00. These numbers appear in both the statement of account of the University of Michigan - Flint and, most importantly, are reflected as payments for the benefit of the Debtor with the MOHELA records. As of the date of the Debtor's bankruptcy petition, therefore, the Debtor owed $3,074.00 ($3,262.63 - $188.63) as supported by the creditor's Exhibit A.

The Debtor argues that the University of Michigan - Flint should have filed an adversary proceeding for a determination that the debt owed to it by her was excepted from discharge. However, 11 U.S.C. § 523(c)(1) does not require the University of Michigan - Flint to do so, so the Debtor's arguments must fail. Unlike debts of a kind under § 523(a)(2), (4) and (6), which are discharged unless the court determines they are excepted from the discharge, debts under § 523(a)(8) require a finding of dischargeability. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 444 (2004). In other words, § 523(a)(8) "is 'self-executing.' Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." Id. at 450 (citations omitted). Alternatively, the Debtor argues that the University of Michigan - Flint waited a very long period of time to enforce its rights and that it should be estopped from doing so now. The record before this Court, however, is insufficient for this Court to make that determination, other than this Court does note that the University of Michigan - Flint appears to have acted within

4

the applicable statute of limitations.

Next, the Debtor requests that this Court set aside the judgment entered by the 55th District Court because of certain actions taken by the University of Michigan - Flint and its counsel. This Court declines to do so because of the *Rooker/Feldman* Doctrine, which prohibits this Court from acting as an appellate court of the state courts. In particular, this Court lacks jurisdiction to reverse a decision of the state court and declines to do so in this case.

Under the United States Supreme "Court's Rooker/Feldman abstention doctrine, . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

As stated by the Sixth Circuit Bankruptcy Appellate Panel in *Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 536-37 (B.A.P. 6th Cir. 1999):

> The [Rooker/Feldman] doctrine expresses the principle that federal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment. Rooker/Feldman is a limitation on subject matter jurisdiction in federal courts. The doctrine complements the statutory jurisdictional scheme of the federal courts . . . that limits federal review of state court proceedings to the United States Supreme Court. The Rooker-Feldman Doctrine bars a lower federal court from conducting a virtual "review" of a state court judgment for errors in construing federal law or constitutional claims "inextricably linked" with the state court judgment. The state and federal claims need not be identical for the doctrine to apply. In order to determine whether a claim is 'inextricably intertwined' with a state court claim, the federal court must analyze whether the relief requested in the federal action would effectively reverse the state court decision or void its ruling. In other words, the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

"[T]he Rooker-Feldman doctrine applies even where a state court judgment may be in error." *Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19, 29 (B.A.P. 9th Cir. 1997).

This Court has, however, been requested to adjudicate the status of the dischargeability of the obligation owed by the Debtor to the University of Michigan - Flint. A student loan debt "is dischargeable only upon proof that repayment of the debt would impose an undue hardship on [the debtor] and any dependents." *Cassim v. Educational Credit Management Corp. (In re Cassim)*, 594 F.3d 432, 435 (6th Cir. 2010).

> To establish undue hardship, it must be proved: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Id.* at 435-36 (internal quotation marks and citation omitted). The debtor bears the burden of persuasion, by a preponderance of the evidence. *Barrett v. Educational Credit Management Corp. (In re Barrett)*, 487 F.3d 353, 358-59 (6th Cir. 2007). The test is written in the conjunctive, so a debtor must "demonstrate all three prongs in order to support a claim of undue hardship . . . ." *Fields v. Sallie Mae Services Corp. (In re Fields)*, 286 Fed. Appx. 246, 2007 WL 1036143 (6th Cir., Apr. 5, 2007).

In *Miller v. Pennsylvania Higher Education Assistance Agency (In re Miller)*, 377 F.3d 616 (6th Cir. 2004), the Sixth Circuit held that a bankruptcy court may use its inherent powers under § 105(a) to grant a partial discharge of student loan debt "in circumstances where granting a *full* discharge [ ] is unwarranted because the debtor cannot show that excepting the entire balance of her student loans from discharge would impose undue hardship but where some form of relief seem[s] warranted . . . ." *Id.* at 620. However, "the requirement of undue hardship must always apply to the

6

discharge of student loans in bankruptcy–regardless of whether a court is discharging a debtor's student loans in full or only partially." *Id.* at 622.

The *Miller* court gave the following examples for giving a debtor "the benefit of a 'fresh start' by partially discharging loans": discharging part of the principal, interest, or attorney's fees; creating a repayment schedule; deferring repayment; and allowing a debtor to reopen their bankruptcy proceeding at some later date "to revisit the question of undue hardship." *Id.* at 620 (citing *Hornsby v. Tennessee Student Assistance Corp. (In re Hornsby)*, 144 F.3d 433, 440 (6th Cir. 1988)).

With this record, this Court holds that the sum of $3,074.00 is excepted from discharge pursuant to 11 U.S.C. § 523(a)(8). Second, this Court would not conclude, with this record, that the Debtor would be required to pay 18% interest on this obligation. Stated differently, had either the Debtor or the University of Michigan - Flint petitioned this Court for a determination of the nature of the obligation in 2009, this Court would have held that the $3,074.00 is excepted from discharge and that a lower statutory interest rate would apply. Moreover, with this record, this Court would determine that it would be an undue hardship for the Debtor to pay more than $68.00 per month on her obligations to MOHELA and the University of Michigan - Flint. As stated earlier, however, this Court lacks the jurisdiction to modify or reverse the judgment entered by the 55th District Court. Instead, it is the opinion of this Court that $3,074.00 of the obligation owed by the Debtor to the University of Michigan - Flint is excepted from discharge, that statutory, not contractual, interest should apply, and that any obligation placed upon the Debtor that requires a payment of more than $68.00 per month is an undue burden upon her and her dependents.

After the issuance of this Opinion, the automatic stay, if applicable, under 11 U.S.C. § 362

7

is lifted and the 55th District Court may reopen its action involving the parties and issue any judgment or order consistent with this Court's Opinion as to the dischargeability of the Debtor's obligation under 11 U.S.C. § 523(a)(8). For clarification, the Court's Opinion regarding all other issues are advisory in nature only.

cc: Bruce and Lynette Allen

**Not for Publication**

**Signed on December 12, 2014**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**